UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA OSBURN,

    Plaintiff,

v.                                                     Case No. 14-11096

MIDLAND FUNDING LLC, *et al.*,

    Defendants.

                                                           /

**OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

On July 3, 2014, the court directed Plaintiff Veronica Osburn to show cause why this action should not be dismissed for Plaintiff's failure to reasonably prosecute her case. Despite filing this action on March 13, 2014, Plaintiff had not taken any action to serve Defendants or otherwise proceed with her case. Local Rule 41.2 allows the court to enter an order dismissing a cause unless good cause is shown for a failure to take action to prosecute a case. E.D. Mich. Local R. 41.2.

In her response to the court's order, Plaintiff states that she filed the lawsuit two days before the statute of limitations expired. However, "[c]ounsel for Plaintiff strategically waited to serve Defendants" until after counsel reached settlement agreements in three other unrelated cases. As stated in the response to the order to show cause "[b]y having the . . . cases settled, this will allow Plaintiff's counsel to adequately prosecute this case" as he will have "reduce[d] his number of cases currently pending." (Dkt. # 9, Pg. ID 22–23.)

Counsel's inability to balance his own workload is not good cause for a failure to prosecute an action. If counsel was unprepared to fully prosecute this case on behalf of his client, he should not have accepted or filed it. As a result, the court will dismiss this action without prejudice.[1]

Further, the court notes that Plaintiff's complaint does not state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The gravamen of Plaintiff's complaint is that, despite having her debts discharged on July 26, 2011, she received a single notice from Defendants, two years later, that offered to forgive either 60% or 20% of her debt, depending on which proposed payment plan she chose. (Dkt. # 1, Pg. ID 4, 9.) According to Plaintiff, this notice was entirely unacceptable: "The acts, practices and conduct engaged in by the Defendants vis-a-vis the Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (*Id.* at Pg. ID 6.) As a result of this letter that apparently transgressed "all possible bounds of human decency," Plaintiff claims she suffered "mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression." (*Id.* at Pg. ID 7.)

Drawing on the court's "judicial experience and common sense," *see Iqbal*, 556 at 679, Plaintiff's claim for relief is utterly implausible. Advertisements for payment

---

[1] Federal Rule of Civil Procedure 4(m) allows a party 120 days to serve Defendants. By the court's calculation, this period expired on July 11, 2014. Although Plaintiff served two of the three Defendants within this period, the third Defendant appears to have been served four days after its expiration, possibly rendering Plaintiff's service untimely.

plans and savings are common-place in American society, and Plaintiff's assertion that a single written notice offering to save her 60% on her discharged bill caused her "post-traumatic stress" and "severe emotional distress" strains credulity, to say the least. Accordingly,

    IT IS ORDERED that Plaintiff's complaint (Dkt. # 1) is DISMISSED WITHOUT PREJUDICE.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: July 31, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2014, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522