UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA OSBURN,

    Plaintiff,

v.                                                           Case No.  14-11096

MIDLAND FUNDING LLC, and MIDLAND
CREDIT MANAGEMENT, INC.,

    Defendants.
                                                         /

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REOPENING CASE

On July 31, 2014, the court issued an opinion and order dismissing Plaintiff's complaint for want of prosecution.  In its opinion, the court also noted that Plaintiff did not state a plausible claim for relief as to some of her claims. Since that time, Plaintiff filed an amended complaint, and moved for reconsideration of the court's order dismissing the case without prejudice.

Local Rule 7.1(h)(3) states:

> the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court . . . ha[s] been misled but also show that correcting the defect will result in a different disposition of this case.

E.D. Mich. Local R. 7.1(h)(3).  In her approximately one-page motion. Plaintiff summarizes the content of her amended complaint and states: "Counsel for Plaintiff was balancing his workload and was in negotiation with Defense Counsel for a settlement of this case prior to the Court's dismissal."  (Dkt. # 12, Pg. ID 36.)  Plaintiff attaches a

series of emails with opposing counsel in which the parties discuss whether Plaintiff's counsel previously agreed to allow Defendants additional time to answer the complaint. (*Id.* at Pg. ID 38–40.) The court construes this material as an argument that Plaintiff was in fact diligently pursuing prosecution of this case.

The court remains unconvinced. Plaintiff's attached correspondence appears to have been sent *after* Plaintiff filed her response to the court's order to show cause. It does not demonstrate that Plaintiff took any action to prosecute her case before that point. Plaintiff's motion for reconsideration is therefore denied.

However, the court's dismissed Plaintiff's original complaint without prejudice to her right to file an amended complaint. The court fully expects counsel, given this proverbial second bite at the apple, to adequately prosecute the case. Accordingly,

IT IS ORDERED that Plaintiff's motion for reconsideration (Dkt. # 12) is DENIED.

IT IS FURTHER ORDERED that the clerk is DIRECTED to reopen this matter and place it on the court's active docket.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 22, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 22, 2014, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522